ISAAC A. SUGG et al v. C. M. BERNARD.

(Decided March 8, 1898 )

*Trustee—Liability for Costs.*

Where no mismanagement or bad faith on the part of a trustee is shown in an action to which he is a party, as trustee, he is not individually liable for the costs of the action.

CIVIL ACTION heard before *Robinson*, *J,*, at March Term, 1897, of PITT Superior Court, on appeal by the defendant from an order of the Clerk of the Superior Court of said county, reviving a judgment against the defendant and directing the issue of execution thereon.

At March Term, 1897, of Pitt Superior Court, plaintiffs recovered of defendant a judgment, ascertaining the sum of one dollar to be in the hands of said defendant, trustee of the funds belonging to said plaintiffs, which amount was admitted to have been paid by said trustee into the Clerk's office, and so receipted on judgment docket.

The motion allowed by said Clerk was permission to issue execution against C. M. Bernard individually, and was the order appealed from by defendants.

His Honor held that the judgment merely ascertained the debt; and, as it was admitted that defendant had paid on said judgment all the funds in his hands, or which ought to come into his hands as said trustee, plaintiffs were not entitled to issue execution against the property of C. M. Bernard. From this judgment the plaintiffs appealed.

The judgment at March Term, 1897, was as follows:

"This cause, coming on to be heard upon the report of the referee, E. A. Moye, and being heard, no exceptions being filed, and the referee having found that

there is in the hands of the defendant, C. M. Bernard, trustee, applicable to the payment of debts due the plaintiffs—it is, on motion of counsel for the plaintiffs, adjudged that the plaintiffs recover of the defendant the sum of one dollar, with the costs of this action, to be taxed by the Clerk. It is further adjudged, that the referee be allowed the sum of one hundred dollars, to be taxed as part of the costs in this cause.

"JAMES H. MERRIMON,

"Judge Presiding."

*Messrs. Shepherd & Busbee* for plaintiff (appellant).
*Messrs. Argo & Snow* for defendant.

FAIRCLOTH, C. J.: Plaintiff recovered a judgment in 1887 against defendant, trustee of Perkins & Robbins, for one dollar, with the costs of the action. The referee reported that there was one dollar in the hands of said trustee, which he paid into the Clerk's office, as he might. *Code*, Section 438. In 1896, notice issued to defendant to show why execution should not issue against him for the costs. It was admitted that the defendant had paid on said judgment all the funds in his hands or which ought to come into his hands, as trustee.

In actions against trustees, etc., costs shall be recovered as in an action defended in his own right, "but such, costs shall be chargeable only upon or collected out of the estate, fund or party represented, unless the Court shall direct the same to be paid by the plaintiff or defendant, personally, for mismanagement or bad faith in such action or defence." *Code*, Section 535.

When the defendant paid on the judgment the amount found in his hands, leaving the costs unpaid, he

was protected from personal liability by said section, and as no mismanagement or bad faith has been shown, he is not individually liable for said costs.

Affirmed.