Civil action tried upon exceptions to report of referee.
The court reviewed the findings of fact and law made by the referee, and rendered the following judgment:
This cause coming on to be heard upon motion of the plaintiff to confirm the reports of the referee filed in this cause at the January term of the Superior Court of Buncombe County, and continued by consent of all parties to the February term of said court, and it being consented by counsel, as will appear from stipulations entered into and duly signed and filed among the papers in this cause, that the undersigned judge, holding the courts of Buncombe and Madison countries by exchange, might take the record, reports, exceptions, evidence, and briefs in said cause, and pass upon the defendant's exceptions, and upon motions made, out of term and at chambers, either in or out of the Fifteenth Judicial District, with the same force and effect as if the same were duly heard within said district, and that the said undersigned judge might enter such judgment or orders in said cause out of term and out of said district and at chambers as he might in said district and in term-time, and that such judgment or orders, when rendered out of term or out of district, shall have full force and effect as judgment duly and properly entered, with leave to either party to file exceptions only to said judgment or orders as might be filed or taken if said order or judgment were entered regularly in term-time; and the said matters being *Page 547 
considered by said court at Marshall, in the county of Madison, on this 6 March, 1913, the court makes the following
FINDINGS OF FACT
1. That on 1 April, 1902, F. A. Lance conveyed by deed to J. N. Russell certain lands in Buncombe County, said to contain 325 acres, as will appear by deed registered in Book 123, page 527, in the records of Buncombe County.
2. That contemporaneously with the execution of said deed a collateral agreement was executed by the said J. N. Russell, a copy of which is attached to the answer in the cause, marked Exhibit "A," (628) declaring the trust upon which the said land was conveyed to the said Russell.
3. That on 16 July, 1903, the defendant, J. N. Russell, pursuant to said trust, sold and conveyed to Hugh T. Brown, for the consideration of $3,500, the lands conveyed to him by said Lance as aforesaid.
4. That on 19 July, 1903, the date of the conveyance from J. N. Russell to Hugh T. Brown, there was an outstanding encumbrance upon said lands, executed by F. A. Lance to Hoffman, trustee for the British-American Mortgage Company, securing notes upon which there was due on this debt $778, including principal and interest, which indebtedness was assumed by Brown, the purchaser.
5. That on the said date 19 July, 1903, F. A. Lance was indebted to J. N. Russell, including principal and interest, $1,370.36, represented by a judgment docketed on the judgment docket of Buncombe County, No. 28, page 134:
 Principal ................................ $ 954.37 Interest ................................. 88.50 ---------- $1,042.87
Note dated 1 October, 1901:
 Principal ................................ $ 154.00 Interest ................................. 16.64 ---------- $ 170.64
Note dated 20 October, 1900:
 Principal ................................ $ 135.00 Interest ................................. 21.65 ---------- $ 156.85 *Page 548 
6. That deducting $778 assumed by H. T. Brown, representing the indebtedness to the British-American Mortgage Company, Hoffman, trustee, and also deducting the aggregate amount of the indebtedness from Lance to Russell ($1,370.36), there remained in the hands (629) of J. N. Russell, due from him to F. A. Lance, from the proceeds of the sale of land to H. T. Brown, the sum of $1,351.64.
7. That on 3 September, 1903, J. N. Russell paid a draft drawn by Lance in favor of Locke Craig, amounting to $200, and a subsequent payment to the attorneys of Lance was made by Russell, amounting to $150; that deducting these amounts $350), there remained in the hands of J. N. Russell $1,001.64.
8. That an action was instituted by H. T. Brown against F. A. Lance, and an attachment was served on J. N. Russell, and $70 was retained by said J. N. Russell to indemnify him against any judgment which might be obtained against him as garnishee in said matter.
9. That after the deed from Russell to H. T. Brown on 19 July, 1903, F. A. Lance claimed title to the lands in controversy adversely to Brown, remaining in the actual possession of the house thereon and about 3 acres of land, and preventing the actual occupation, and interfered with the possession by the said Brown, contesting the title of the said Brown through one J. W. Ducker in 1912, thereby delaying the collection by Russell from Brown of the purchase money for said lands, and during the pendency of the said suit between Brown and Ducker, and until the final judgment in that case, Lance had possession and exercised dominion over the land sold by Russell to Brown and tortiously prevented delivery of possession by Russell to Brown.
10. That the defendant, J. N. Russell, executed his trust in good faith.
CONCLUSIONS OF LAW
Upon the foregoing findings of fact, the court concludes:
1. That the plaintiff, F. A. Lance, is not entitled to recover interest on the sum remaining in the hands of J. N. Russell, as the proceeds realized from the sale to H. T. Brown.
2. That the plaintiff is not entitled to recover of the defendant at this time the sum of $70 retained by the said Russell pursuant to the attachment issued in the case of H. T. Brown against F. A. Lance.
(630) 3. That there is due from the defendant to the plaintiff the sum of $1,001.64, the balance remaining in the hands of the defendant as the proceeds realized by the defendant from the sale of land to Brown, after deducting the indebtedness represented by liens upon the said property; the amounts due from Lance to Russell; the amount paid by Russell to the order of Lance and to his use, as enumerated in *Page 549 
the foregoing findings of fact, less the $70 retained by the said Russell on account of the said attachment in the case of Brown against Lance, and less any sums paid by Russell to Lance or by orders of court and not herein enumerated.
It is, therefore, ordered, adjudged, and decreed that the plaintiff, F. A. Lance, recover of the defendant, J. N. Russell, the sum of $931.64, less one-half of the total cost of this action and less any sums paid by court not herein enumerated.
It is further ordered and decreed that the defendant, J. N. Russell, shall pay the costs of this action, one-half thereof to be deducted from the amount in his hands found to be due to the plaintiff, and the remainder to be paid by him individually; the said costs to be taxed by the clerk, and to embrace the total cost of this action.
It is further ordered, adjudged and decreed that the defendant, J. N. Russell, be permitted to retain in his hands the said sum of $70 attached in the action of Brown against Lance, to abide the final judgment in that case, and should it be ultimately adjudged that the plaintiff H. T. Brown is not entitled to recover said amount, then upon such determination, the plaintiff F. A. Lance shall recover the same of the defendant, J. N. Russell.
 STEPHEN C. BRAGAW, Judge.
The defendant excepted to said findings and judgment, and appealed to the Supreme Court.
This is an action brought by the plaintiff to recover (631) of the defendant a balance due plaintiff in hands of defendant as trustee for the plaintiff.
It appears that the plaintiff had conveyed a tract of land to the defendant in trust to sell it and pay certain debts and execute certain trusts and to account to the plaintiff for any balance remaining.
The claim for damages, alleged in the complaint, has been eliminated, and the only controversy now relates to the balance due the plaintiff under the agreement with the defendant, and set out in the record.
The cause was referred to a referee, whose report was reviewed by Judge Bragaw, evidently with painstaking care, who made his own findings of fact and conclusions of law. *Page 550 
With one exception, the assignments of error relate to certain small sums which defendant claimed credit for in the settlement, and which the judge refused to allow.
There is ample evidence to support his Honor's findings of fact, and such being the case, this Court has no power to reverse or review them. The conclusions of law necessarily follow from the findings of fact.
The tenth assignment of error is because the judge ordered that the defendant pay one-half of the costs of the action. In this there is error.
Under Revisal, sec. 1277, a trustee of an express trust, or an executor, or an administrator, is not liable personally for costs, unless the court shall direct that such trustee, executor, or administrator shall be personally taxed therewith, as a penalty for mismanagement or bad faith.
His Honor did not adjudge that the trustee had mismanaged the fund in ninth and tenth findings of fact, set forth in his judgment, that the trustees had not been negligent in the collection of the balance of the purchase money from Hugh T. Brown for the land in controversy, and that he had executed his trust in good faith.
(632) In the case of Smith v. Smith, 108 N.C. 369, the Court held that it was error to tax trustees of an express trust who were parties to an action with cost, unless the court had adjudged that they were guilty of mismanagement or bad faith in such action.
In Sugg v. Bernard, 122 N.C. 155, it is decided that where no mismanagement or bad faith on the part of a trustee is shown in an action to which he is a party, he is not individually liable for costs.
The costs of the Superior, as well as this Court, will be taxed against the plaintiff.
Modified and affirmed.